UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THOMAS M. HANDZLIK, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:13-CV-119 JD |
| | ) |
| DAVID LAIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Thomas M. Handzlik, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. [ECF No. 4.] Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, the Court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Handzlik alleges that he has been housed under inhumane conditions at the Porter County Jail since his arrival in October 2012. To summarize the detailed complaint, Handzlik claims there are constant sewer gas smells; infestation of ants, gnats, and other bugs which bite him and get into his food; significant overcrowding, which has caused him to sleep on the floor for several months; jail-issued clothing that it is torn, dirty, and the wrong size; an inadequate amount of toilet

paper, which caused him problems when he was recently sick with diarrhea; inadequate food, including spoiled milk and uncooked beans; an inadequate mattress that is less than one inch thick; and a lack of sanitation, including the failure to quarantine detainees with serious contagious diseases. He further claims that he is not receiving adequate care for mental health issues, including bipolar disorder, panic attacks, and post-traumatic stress disorder. Finally, he alleges that jail staff have denied him access to religious books that were sent to him by publishers, churches, and prison ministries.

Because Handzlik is a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies to his conditions of confinement claim. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

2

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, Handzlik alleges that during his time at the jail, he has been subjected to inadequate sanitation, inadequate food, inadequate clothing, and inadequate bedding. As a result of these conditions, he claims to have suffered from physical ailments including bed sores, dizziness, nausea, and headaches, as well as a significant amount of emotional distress. Giving him the inferences to which he is entitled at this stage, he satisfies the objective prong of the inquiry. With respect to the subjective prong, the complaint can be plausibly read to allege that he complained about these issues to Diane Patrick, Tom Baker, Captain Robert Taylor, Warden John Widup, and Sheriff David Lain, but they have done nothing to remedy these issues. Giving him the inferences to which he is entitled, he has stated enough to proceed on a claim against these defendants.

Inmates are also entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he

or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, Handzlik alleges that he is suffering from serious mental health conditions that he has had for several years. It cannot be discerned from the complaint whether he is being given medication for these conditions, but the complaint can be read to allege that his problems are not being adequately addressed, as he alleges that his mental state is deteriorating and he needs to speak with a therapist. He claims he made several such requests to Michelle Harris, the jail medical director, but she has ignored him, and in one instance had him placed in a "padded cell" even though there was no legitimate reason to do so. Taking his allegations as true, he has alleged a plausible deliberate indifference claim against Harris.

Finally, regarding his religious books, prisoners enjoy a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Here, giving the complaint liberal construction, Handzlik claims that he needs the books in order to practice his religion, and that jail staff have intercepted the books for no legitimate reason. He further alleges that Captain Taylor, Warden Widup, and Sheriff Lain have all ignored his complaints about this issue. Taking his allegations as true, he has stated enough to proceed past the pleading stage on this claim.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a Fourteenth Amendment claim against David Lain, John Widup, Robert Taylor, Diane Patrick, and Tom Baker for compensatory and punitive damages and injunctive relief for housing him under substandard conditions;

(2) GRANTS the plaintiff leave to proceed on a Fourteenth Amendment claim against Michelle Harris for compensatory and punitive damages and injunctive relief for denying him adequate medical care;

(3) GRANTS the plaintiff leave to proceed on a First Amendment claim against David Lain, John Widup, and Robert Taylor for compensatory and punitive damages and injunctive relief for denying him religious books;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the United States Marshals Service to effect service of process on David Lain, John Widup, Robert Taylor, Diane Patrick, Tom Baker, and Michelle Harris; and

(5) ORDERS that David Lain, John Widup, Robert Taylor, Diane Patrick, Tom Baker, and Michelle Harris respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: July 11, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court

5