UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS M. HANDZLIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:13-CV-119 JD |
| | ) | |
| DAVID LAIN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Thomas M. Handzlik, a *pro se* prisoner, is proceeding on multiple claims regarding the conditions of confinement at the Porter County Jail. (DE 15.) The defendants—Tom Baker, Michelle Harris, David Lain, Diane Patrick, Robert Taylor, and Jon Widup— move for summary judgment on the ground that Handzlik failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (DE 87, 90.) The court previously took the motions under advisement, and granted Handzlik an opportunity to submit a sworn declaration supporting his allegation that he was prevented from exhausting by jail staff. (DE 101.) He has since filed that declaration (DE 108), and the defendants have responded thereto. (DE 113, 114.) For the reasons stated, the motions for summary judgment are denied.

The facts underlying this case were fully set forth in the prior order and will only be briefly recounted here. Handzlik tendered his original complaint for mailing on April 4, 2013. (DE 1 at 10.) He raised a host of allegations about improper medical care, improper food, improper clothing, and a lack of sanitation at the jail, among other issues. (*Id.* at 1-10.) However, his filing was unduly vague and confusing in certain respects, and he was afforded an opportunity to replead his claims. (DE 3.) On April 19, 2013, he tendered his amended complaint

for mailing. (DE 4.) In this filing he complained about many conditions at the jail, including sewer gas smells; infestation of ants, gnats, and other bugs; overcrowding; inadequate jail-issued clothing; an inadequate amount of toilet paper; inadequate food; an inadequate mattress; and a lack of sanitation. (*Id.*) He further claimed that he was not receiving adequate medical care for mental health issues, and that jail staff improperly denied him access to religious books. (*Id.*) He was granted leave to proceed against defendants Lain, Widup, Taylor, Patrick, Baker, and Harris in connection with these claims. (DE 15.)

Thereafter, the defendants moved for summary judgment on exhaustion grounds.[1] (DE 87, 90.) In connection with their motion, they submitted evidence showing that Handzlik filed many grievances pertaining to the conditions of his confinement during his incarceration at the jail.[2] (DE 88-4, Gaydos Aff. ¶ 16 & Ex. 5, Grievance Log.) However, records showed that the earliest of these grievances was submitted on April 15, 2013, *after* Handzlik brought the present lawsuit. (DE 88-4, Gaydos Aff. ¶¶ 16-20.) As the defendants correctly pointed out, grievances Handzlik filed while this case was pending would not satisfy 42 U.S.C. § 1997e(a). *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("exhaustion must precede litigation"); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (compliance with 42 U.S.C. § 1997e(a) is a "precondition to suit").

Handzlik filed a response to the motion arguing in general terms that he was prevented from exhausting by jail staff. (DE 95.) In his sworn declaration he elaborates further. (DE 108.)

---

[1] Defendant Harris also requested dismissal under Federal Rule of Civil Procedure 12(b)(6) and/or summary judgment on the merits of Handzlik's medical claim. (DE 88.) Her arguments were rejected for the reasons fully stated in the court's prior orders. (DE 101, 103.)

[2] Handzlik left the jail in April 2014 and is presently housed at Westville Correctional Facility. (DE 98.)

Specifically, he asserts that between November 2012 and April 2013, he filed upwards of 20 grievances complaining about the conditions he is challenging in this lawsuit. (DE 108-2 at 1.) He claims to have never received any response to these grievances. (DE 108-1 at 1.) He asserts that this is a common occurrence at the jail, and claims to have personally seen jail staff mishandling grievances, including one officer who allegedly had a practice of tearing up and throwing away grievances "if he didn't like them." (*Id.* at 4.)

Handzlik further claims that he sent correspondence to Warden Widup in late December 2012 and again in mid-January 2013, asking why his grievances had not been responded to, and advising that he needed a response so he could proceed with a lawsuit. (DE 108-2 at 2-3.) He asserts that he did not receive any response to this correspondence either. (*Id.*) He claims to have conveyed this same request to Defendant Taylor during a conversation that occurred in the hallway of C-1 pod sometime in January 2013. (DE 108-1 at 2.) When Handzlik asked if he could obtain responses to his grievances, Defendant Taylor allegedly responded, "Why, so you can sue me?" (*Id.*)

Handzlik further claims that he never filed any grievance appeals because he had no idea there was a second step in the process. (DE 108-1 at 1.) He claims that inmates are only given a handbook which explains the grievance process in general terms. (*Id.*) As he points out, the handbook does not mention or explain the process for appealing a grievance, nor does it advise inmates what they should do if they receive no response to their initial grievance. (*See* DE 108-3 at 8.) Handzlik claims that he became aware of the appeal process when the defendants filed their motion for summary judgment, and at that time he asked multiple jail officers where he could obtain an appeal form. (DE 108-1 at 1.) They allegedly responded that "they never heard

of any type of appeal forms," did not know where to get them, and had no idea what he was talking about. (*Id.* at 1-2.) If these facts are true, Handzlik would be excused from exhausting, since the grievance process was effectively unavailable to him. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants have responded to Handzlik's declaration, and they suggest that he is lying about his efforts to exhaust. (DE 113.) They argue that various aspects of Handzlik's account are "highly unlikely" and "improbable," and argue that official jail records show no grievances were received from Handzlik until after he brought this action. (DE 113 at 4-5.) Be that as it may, Handzlik has submitted a sworn declaration asserting that jail staff thwarted his efforts to exhaust. (DE 108.) Whether Handzlik is telling the truth about the grievances he filed requires a credibility determination that cannot be made without an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *see also Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004) (plaintiff who offered concrete details about his efforts to exhaust in verified response submitted enough to defeat summary judgment); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (on summary judgment the court cannot "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts").

Accordingly, summary judgment cannot be granted on the present record. The motions will be denied. Unless the defendants withdraw their exhaustion defense, it will be necessary to hold a *Pavey* hearing to resolve the following issues: (1) whether Handzlik filed grievances between November 2012 and March 2013 complaining about the conditions he challenges in this lawsuit; (2) whether these grievances were mishandled by jail staff; and (3) whether Handzlik was made aware of his appeal rights under the grievance policy.

For these reasons, the defense motions for summary judgment (DE 87, 90) are **DENIED**. Within fourteen (14) days of this order, the defendants are **ORDERED** to file a notice advising whether they wish to waive their exhaustion defense or proceed with a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

SO ORDERED.

ENTERED:  August 21, 2014

                                                     /s/ JON E. DEGUILIO
                                                    Judge
                                                    United States District Court